1  SUSAN S. MUCK (CSB NO. 126930)
   smuck@fenwick.com
2  JENNIFER BRETAN (CSB NO. 233475)
   jbretan@fenwick.com
3  FENWICK & WEST LLP
   555 California Street
4  12th Floor
   San Francisco, CA  94104
5  Telephone:     (415) 875-2300
   Facsimile:     (415) 281-1350
6
   JAY L. POMERANTZ (CSB NO. 209869)
7  jpomerantz@fenwick.com
   FELIX S. LEE (CSB NO. 197084)
8  flee@fenwick.com
   Silicon Valley Center
9  801 California Street
   Mountain View, California 94041
10 Phone: 650.988.8500
   Fax: 650.938.5200
11
   Attorneys for Defendants Immersion Corporation,
12 Victor A. Viegas, Clent Richardson, Stephen
   Ambler and Daniel Chavez
13

*IT IS SO ORDERED*
*Judge James Ware*
10/13/2009

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                     SAN JOSE DIVISION

17

18 JASON BARRIOS, Individually and on       Case No.  5:09-cv-04412-JW
   Behalf of All Others Similarly Situated,
19                                          **CLASS ACTION**
                  Plaintiff,
20                                          **STIPULATION EXTENDING TIME**
       vs.                                  **FOR ALL DEFENDANTS TO RESPOND**
21                                          **TO COMPLAINT**
   IMMERSION CORPORATION, VICTOR A.
22 VIEGAS, RALPH EDWARD CLENTON
   RICHARDSON, STEPHEN M. AMBLER,
23 and DANIEL J. CHAVEZ,

                  Defendants.
24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

STIPULATION EXTENDING TIME FOR
ALL DEFENDANTS TO RESPOND                        CASE NO. 5:09-CV-04412-JW

1   WHEREAS, the above-captioned action, *Barrios v. Immersion Corporation et al.*, filed on
2   September 18, 2009 ("*Barrios*"), is a proposed class action asserting violations of the federal
3   securities laws against Defendants Immersion Corporation, Victor A. Viegas, Clent Richardson,
4   Stephen Ambler and Daniel Chavez (collectively, "Defendants");

5   WHEREAS, four additional proposed class actions asserting violations of the federal
6   securities laws against some or all Defendants have been filed in this Court:

7   *Hodges v. Immersion Corporation, et al.*, No. 3:09-cv-04073-MMC, filed on September 2,
8   2009 ("*Hodges*");

9   *Posner v. Immersion Corporation, et al.*, Case No. 4:09-cv-04118-PJH, filed on
   September 4, 2009 ("*Posner*");

10  *Buell v. Viegas, et al.*, Case No. 3:09-cv-04561-CRB, filed on September 28, 2009
11  ("*Buell*"); and

12  *Benson v. Immersion Corporation, et al.*, Case No. 5:09-cv-04744-HRL, filed on October
    5, 2009 ("*Benson*").

13  WHEREAS, the parties in *Barrios* (the "Parties") believe that *Barrios* and the four actions
14  listed directly above are "related cases" as defined in Northern District of California Local Rule
15  ("Civil L.R.") 3-12(a) and several administrative motions (and responses thereto) regarding such
16  relation have been filed pursuant to Civil L.R. 3-12(b);

17  WHEREAS, the above-captioned action and the additional actions listed above are subject
18  to the requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67,
19  109 Stat. 737 (1995) (the "Reform Act"), which sets forth specialized procedures for the
20  administration of securities class actions;

21  WHEREAS, the Reform Act provides for the appointment of a lead plaintiff to act on
22  behalf of the purported class, and further provides that the appointment of lead plaintiff shall not
23  be made until after a decision on a motion to consolidate is rendered (15 U.S.C. 78u-4
24  (a)(3)(B)(ii));

25  WHEREAS, the Parties expect that *Hodges*, *Posner*, *Barrios*, *Buell* and *Benson* will be
26  related by the Court and that a motion to consolidate and for appointment of a lead plaintiff and
27  lead counsel will thereafter be filed;

28  / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

STIPULATION EXTENDING TIME FOR
ALL DEFENDANTS TO RESPOND          1          CASE NO. 5:09-CV-04412-JW

1  WHEREAS, Defendants intend to file motions to dismiss the claims asserted against them; and

3  WHEREAS, because the special procedures specified in the Reform Act contemplate (i) the consolidation of similar actions, (ii) appointment of lead plaintiff, and (iii) the filing of a single consolidated complaint by lead plaintiff and counsel to be appointed by the Court, requiring Defendants to respond to the initial complaints in the above-referenced actions would serve no purpose and would result in the needless expenditure of private and judicial resources;

8  IT IS ACCORDINGLY STIPULATED, pursuant to Civil L.R. 6-1(a), by and between the undersigned counsel for the Parties, that the time for each Defendant to answer, move or otherwise respond to the *Barrios* complaint is extended until following the appointment of a lead plaintiff and lead counsel and that, thereafter, the parties shall meet and confer and submit a mutually agreeable schedule for the filing of a consolidated complaint (or designation of an operative complaint), if necessary, as well as for the briefing and hearing of responses thereto. The consolidated or operative complaint shall supersede all complaints filed in any action that is consolidated herein.

16  Pursuant to General Order No. 45 Section X(B), all of the signatories concur in the filing of this stipulation.

Dated: October 9, 2009    FENWICK & WEST LLP

By:   */s/ Jay L. Pomerantz*
       Jay L. Pomerantz

Attorneys for Defendants Immersion Corporation, Victor A. Viegas, Clent Richardson, Stephen Ambler and Daniel Chavez

Dated: October 9, 2009    BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP

By:   */s/ Erik D. Peterson*
       Erik D. Peterson

Attorneys for Plaintiff Jason Barrios

25311/00400/DOCS/2130988.2

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW